**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**PLANO DIVISION**

ROBERT B. BOUNDS,

Plaintiff,

v.

UNITED DEBT SETTLEMENT, LLC,

Defendant.

Case No. 4:24-cv-00999

**COMPLAINT**

**NOW COMES** ROBERT B. BOUNDS ("Plaintiff"), by and through the undersigned counsel, complaining as to the conduct of UNITED DEBT SETTLEMENT, LLC ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for violations of the Credit Repair Organizations Act ("CROA"), pursuant to 15 U.S.C. § 1679 *et seq*., the Texas Debt Management Services Act ("TCDMSA"), pursuant to Tex. Fin. Code § 394.201 *et seq*., the Texas Credit Services Organizations Act ("TCSOA"), pursuant to Tex. Fin. Code §393.101 *et seq*., as well as for Breach of Contract Implied Covenant of Good Faith and Fair Dealing, stemming from Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2. Subject matter jurisdiction is conferred upon this Court by the CROA and 28 U.S.C. §1331, and §1337 as the action arises under the laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a).

3. Venue is proper in this court pursuant to 28 U.S.C. §1391(b)(2) as Plaintiff resides in the Eastern District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of Texas.

## PARTIES

4. Plaintiff is a natural person and consumer, over 18 years-of-age, residing in Frisco, Texas.

5. Defendant is a credit repair organization and debt management provider who offers services to reduce debt load for consumer, which in turn is designed to improve consumer's credit.

6. Defendant is a limited liability company organized under the laws of the state of New York with its principal place of business located at 240 West 37th Street, Suite 400, New York, New York 10018.

7. At all relevant times, Defendant represented that both an explicit and implicit purpose of its services was to ultimately improve Plaintiff's creditworthiness and financial situation.

## FACTS SUPPORTING CAUSES OF ACTION

8. In January 2023, Plaintiff was facing financial difficulties and had a number of debts prompting him to begin looking for companies who may be able to assist him in maintaining his creditworthiness and resolving his financial obligations.

9. Subsequently thereafter, Plaintiff discovered Defendant through its representation that it could help consumers resolve their financial obligations by negotiating with creditors to reduce their outstanding debts and remove creditors from consumers' credit reports.

10. Plaintiff spoke with Defendant and Defendant's agent represented to Plaintiff that it would be able to (1) resolve Plaintiff's financial obligations for a significant discount by

negotiating with Plaintiff's creditors; and (2) remove adverse accounts from Plaintiff's consumer credit reports.

11. Defendant further represented to Plaintiff that all he would need to do is make monthly payments over a certain period of time and that Defendant would utilize the payments to expeditiously resolve Plaintiff's enrolled debts.

12. On or about January 5, 2023, having relied on Defendant's representations, Plaintiff formally enrolled various debts into Defendant's debt consolidation programs by entering into a contract with Defendant.

13. Specifically, Plaintiff enrolled a total debt amount of approximately $192,702.

14. Pursuant to the contract, Plaintiff would pay Defendant recurring monthly payments of $3,005.

15. Plaintiff proceeded to make his monthly payments to Defendant in a timely manner.

16. During the enrollment period, Plaintiff was repeatedly informed that Defendant was actively communicating with his enrolled creditors to settle outstanding debts.

17. Despite Defendant's assurances, Defendant failed to resolve Plaintiff's debts as expeditiously as Defendant represented it would.

18. Specifically, although Plaintiff has paid Defendant no less than $20,000, Defendant failed to make any meaningful impact in resolving his enrolled debts.

19. Moreover, Despite Defendant's representations, Plaintiff's credit score did not improve.

20. Upon settling Plaintiff's enrolled debt, Defendant failed to inform Plaintiff of his need to contact the credit reporting agencies to update the subject trade-line in hope to improve Plaintiff's credit rating.

21. Plaintiff signed up for Defendant's debt consolidation and credit repair services based on its representations that it would negotiate and settle his outstanding debts and remove settled accounts from his consumer credit reports.

22. Throughout its dealings with Plaintiff, Defendant deceptively and misleadingly strung Plaintiff along, telling him what he wanted to hear in order for him to keep making payments, only to turn around and fail to deliver on the promises and representations that induced Plaintiff's continued participation in Defendant's debt consolidation program.

23. Furthermore, Defendant repeatedly informed Plaintiff that it was working on negotiating settlements with his creditors on his behalf.

24. However, Defendant chronically failed to engage the vast majority of Plaintiff's creditors in settlement discussions, which resulted in Plaintiff's creditors hounding Plaintiff for payments.

25. Despite Plaintiff's account being well funded, Defendant failed to meaningfully resolve Plaintiff's debts or improve Plaintiff's credit score.

26. Plaintiff suffered signification damages as result of Defendant's misrepresentations and omissions, including financial losses, emotional distress, aggravation, mental anguish, decreased credit score.

27. Simply put, Plaintiff found himself in a much worse financial position after enrolling in Defendant's "debt consolidation" program.

## COUNT I – VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT

28. Plaintiff restates and realleges paragraphs 1 through 27 as though fully set forth herein.

29. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1679a(1) of the CROA.

30. Defendant is a "credit repair organization" as defined by §1679a(3) of the CROA, as it is a person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of improving a consumer's credit, credit history, or credit rating, or providing assistance to any consumer with regard to any activity or service for the purpose of improving a consumer's credit.

**a. Violations of CROA § 1679b(a)**

31. The CROA, pursuant to 15 U.S.C. § 1679b(a)(3) prohibits any person from "mak[ing] or us[ing] any untrue or misleading representation of the services of the credit repair organization." Additionally, pursuant to 15 U.S.C. § 1679b(a)(4), any person is prohibited from "engag[ing], directly or indirectly, in any act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization."

32. Defendant violated the above referenced provisions of the CROA through its misrepresentations and deception as to the nature of the credit repair and debt management services it could provide Plaintiff. In order to get Plaintiff to agree to utilize Defendant's services, Defendant represented that its services would increase Plaintiff's credit rating by managing all of Plaintiff's enrolled debts and pay off his creditors through his monthly payments; however, Defendant completely failed to follow through on these promises or the services it represented it would perform for Plaintiff. Upon inquiring about his accounts, Plaintiff would be given the run around.

33. Further, Defendant violated the CROA through the deceptive nature of its billing practices. Upon information and belief, Defendant improperly charges consumers fees, which is

placed in an escrow account from which Defendant would be able to resolve enrolled obligations, which in turn forces consumers into longer periods, or higher amounts, of payments due to Defendant's improperly draining funds that should otherwise go towards resolving enrolled obligations. Defendant's unlawful billing practices constitutes a fraud designed to extract payments from consumers beyond that which Defendant originally represents in its initial meeting with consumers.

**b. Violations of CROA § 1679b(b)**

34. The CROA, pursuant to 15 U.S.C. § 1679b(b), provides that "[n]o credit repair organization may charge or receive any money or other valuable consideration for the performance of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed."

35. Defendant violated § 1679b(b) through its charging and receiving of money for services agreed to perform before such services are fully performed. Defendant's practice of charging a monthly fee, before such services is performed, is inherently in violation of the CROA. Defendant similarly withheld sums for services it never actually performed.

**c. Violations of CROA § 1679c**

36. The CROA, pursuant to 15 U.S.C. § 1679c, outlines the disclosures that must be provided to consumers as well as when and how such disclosures must be provided.

37. Defendant violated the above provision of the CROA through its failure to provide the written disclosures required by the CROA in the manner required.

**d. Violations of CROA § 1679d**

38. The CROA, pursuant to 15 U.S.C. § 1679d, outlines various requirements for the contracts between credit repair organizations and consumers, including "a conspicuous statement

in bold face type, in immediate proximity to the space reserved for the consumer's signature on the contract, which reads as follows: 'You may cancel this contract without penalty or obligation at any time before midnight of the 3rd business day after the date on which you signed the contract. See the attached notice of cancellation form for an explanation of this right.'" 15 U.S.C. § 1679d(b)(4).

39. Defendant violated § 1692d(b)(4) of the CROA through its failure to contain the required disclosure in bold face type in immediate proximity for the place reserved for Plaintiff's signature on the contract.

40. As alleged above, Plaintiff was harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff ROBERT B. BOUNDS, respectfully requests this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff actual damages to be determined at evidentiary hearing, as provided under 15 U.S.C. § 1679g(a)(1);

c. Awarding Plaintiff punitive damages, in an amount to be determined at evidentiary hearing, as provided under 15 U.S.C. § 1679g(a)(2)(A);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1679g(a)(3); and

e. Awarding any other relief as this Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TEXAS CONSUMER DEBT MANAGEMENT SERVICES ACT

41. Plaintiff restates and realleges paragraphs 1 through 40 as though fully set forth herein.

42. Plaintiff is a "consumer" as defined by Tex. Fin. Code § 394.202(4).

43. Defendant is a "provider" of "debt management service" as defined by Tex. Fin. Code §§ 394.202(6) & (10).

**a. Violations of Tex. Fin. Code §394.207**

44. The TCDMSA, pursuant to Tex. Fin. Code § 394.207, provides that "[a] provider may not engage in false or deceptive advertising,"

45. Defendant violated Tex. Fin. Code § 394.207 through its deceptive advertising directed towards Plaintiff regarding the nature of the services it would perform for Plaintiff. Defendant advised Plaintiff that it would utilize his payments for legal services, to resolve his outstanding debts, and to improve his credit scores through its services, but that representation was proven false through Defendant's subsequent conduct.

**b. Violations of Tex. Fin. Code § 394.212**

46. The TCDMSA, pursuant to Tex. Fin. Code § 394.212, outlines a number of prohibited practices on the part of providers.

47. Pursuant to Tex. Fin. Code § 394.212(a)(8), a provider may not "use an unconscionable means to obtain a contract with a consumer." Moreover, pursuant to Tex. Fin. Code § 394.212(a)(9), a provider may not "engage in an unfair, deceptive, or unconscionable act or practice in connection with a service provided to a consumer."

48. As mentioned above, Defendant violated §§ 394.212(a)(8)-(9) in much the same way it violated 15 U.S.C. §§ 1679b(a)(3)-(4).

**c. Violations of Tex. Fin. Code § 394.213**

49. The TCDSMA, pursuant to Tex. Fin. Code § 394.213, states that a "provider has a duty to a consumer who receives debt management services from the provider to ensure that client money held by the provider is managed properly at all times."

50. Defendant violated § 394.213 through its failure to ensure that Plaintiff's money and payments were being properly managed at all times. Despite Plaintiff paying his full monthly payments to Defendant, Defendant failed to perform the services for which it had been purportedly compensated.

51. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff ROBERT B. BOUNDS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages pursuant to Tex. Fin. Code § 394.215(c);

c. Awarding Plaintiff punitive damages pursuant to Tex. Fin. Code § 394.215(c);

d. Enjoin Defendant from further violations of law pursuant to Tex. Fin. Code § 394.215(d);,

e. Awarding Plaintiff's costs and reasonable attorney fees, pursuant to Tex. Fin. Code § 394.215(c); and,

f. Awarding any other relief this Honorable Court deems just and appropriate.

**COUNT III – VIOLATIONS OF THE TEXAS CREDIT SERVICES ORGANIZATION ACT**

52. Plaintiff restates and realleges paragraphs 1 through 51 as though fully set forth herein.

53. Plaintiff is a "consumer" as defined by Tex. Fin. Code § 393.001(1).

54. Defendant is a "credit services organization" as defined by Tex. Fin. Code § 393.001(3).

**a. Violations of Tex. Fin. Code §§ 393.304(1) & 393.305**

55. The TCSOA, pursuant to Tex. Fin. Code § 393.304(1), prohibits a credit services organization from "mak[ing] or us[ing] a false or misleading representation in the offer or sale of the services of the organization." Similarly, pursuant to Tex. Fin. Code § 393.305, "[a] credit services organization or a representative of the organization may not directly or indirectly engage in a fraudulent or deceptive act, practice, or course of business relating to the offer or sale of the services of the organization."

56. Defendant violated the above provisions of the TCSOA through the unfair and deceptive nature of its fraudulent scheme as described above.

57. Moreover, Defendant engaged in unfair and deceptive practices by unfairly charging Plaintiff legal fees before performing any services that would justify retaining such fees. Defendant's conduct was unfair and deceptive because Plaintiff entrusted Defendant with his finances while failing to properly utilize such finances to properly engage with his creditors to try and reduce his outstanding debts as originally contracted.

58. Defendant's unfair conduct is against public policy because it created the false impression that Defendant was handling his financial and credit records properly while the consumer believes Defendant has their best interest.

59. Upon information and belief, Defendant systematically engages in unfair and deceptive practices as described herein in an effort to maximize profits at the expense of Texas consumers.

60. The TCSOA was designed to protect consumers such as Plaintiff from the precise conduct committed by Defendant.

61. As alleged above, Plaintiff was harmed by Defendant's actions and inactions.

**WHEREFORE**, Plaintiff ROBERT B. BOUNDS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages pursuant to Tex. Fin. Code § 393.503(a)(1);

c. Awarding Plaintiff punitive damages pursuant to Tex. Fin. Code § 393.503(b);

d. Enjoin Defendant from further violations of law pursuant to Tex. Fin. Code § 393.502,

e. Awarding Plaintiff's costs and reasonable attorney fees, pursuant to Tex. Fin. Code §§ 393.503(a)(2)-(3); and,

f. Awarding any other relief this Honorable Court deems just and appropriate.

## COUNT IV – BREACH OF CONTRACT AND IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

62. Plaintiff restates and realleges paragraphs 1 through 61 as though fully set forth herein.

63. The contract for credit repair services between Plaintiff and Defendant is a valid and enforceable contract.

64. The elements of breach of contract are (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation.

65. Additionally, in every contract there is an implied covenant of good faith and fair dealing that neither party will do anything which injures the right of the other to receive the benefits of the agreement. The elements of a claim for breach of an implied covenant of good faith and fair dealing are (1) a contractual relationship between the parties, and (2) a breach of the implied covenant.

66. Defendant breached its contract with Plaintiff and implied covenant of good faith and fair dealing by (1) failing to provide debt settlement services to the best of its ability in an effort effectuate reasonable settlement(s); (2) falsely representing to Plaintiff that it would negotiate and settle all of his enrolled consumer accounts; (3) falsely representing to Plaintiff that it would increase his consumer credit scores; and, (4) prematurely charging Plaintiff for unearned fees.

67. As set forth above, Plaintiff was significantly harmed by Defendant's breach of contract and implied covenant of good faith and fair dealing.

**WHEREFORE**, Plaintiff, ROBERT B. BOUNDS, respectfully requests this Honorable Court enter judgment in his favor as follows:

a. Enter judgment in Plaintiff's favor for breach of contract and implied covenant of good faith and fair dealing;

b. Award of compensatory damages;

c. Award of punitive damages; and,

d. Any further relief deemed just and proper.

Dated: November 8, 2024

Respectfully submitted,

*/s/ Mohammed O. Badwan*
Mohammed O. Badwan, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Ave.
Suite 200
Lombard, Illinois 60148
(630) 575-8180 (phone)
(630) 575-8188 (fax)
mbadwan@sulaimanlaw.com